## KEAN v. MILLER.

WILL; DEED OF ASSIGNMENT; SUIT SET ASIDE; RIGHT OF HEIR.

A bill to declare void on grounds of fraud and undue influence a will and deed of assignment disposing of stock in a corporation cannot be maintained by an heir at law, because the title to the property, being personal property, would not be in such plaintiff even though the will and assignment were annulled, especially where it does not appear that there may be debts and funeral expenses equal to the value of the stock.

No. 3083.   Submitted February 7, 1918.   Decided April 1, 1918.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity.
                                                            *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decree in the supreme court of the district dismissing appellant's (Nettie M. Kean) bill to have declared void an assignment of certain shares of stock from Charles W. Miller, now deceased, to the appellee Florence W. Miller, one of his daughters, and to have declared null and void a will in favor of his daughter.

The material averments of the bill are as follows: Appellant is a daughter of Charles W. Miller and one of his heirs at law. Mr. Miller owned a controlling interest in the stock of the

NOTE.—For authorities discussing the question as to who may contest will, see comprehensive note in L.R.A.1918A, 447.

Charles W. Miller Company, which company "was doing a large and profitable business, and a large income was derived from the stock." Some years prior to his death in April of 1916, Mr. Miller negotiated a loan upon the stock, the amount of which is unknown, but appellant "believes to have been for a sum far less than the value of the said stock." Mr. Miller was mentally and physically infirm "and was completely under the domination and control of the defendant Florence W. Miller, who lived with him." In about 1910 the daughter Florence, "through fraud, coercion, and undue influence," caused her father to make a will in her favor, which will is on file in the office of the register of wills, but no application has been made by the beneficiary to cause the will to be admitted to probate and record, and appellant believes that no such application will be made. Subsequently, on the 19th of November, 1912, while Mr. Miller was in the same physical and mental condition, he was induced by his daughter Florence to execute a deed of assignment, without consideration, transferring all his interest in said stock to her. "The interest or equity in the stock aforesaid was the principal, if not the only, asset of the estate of said Charles W. Miller." This stock, it is averred, belongs to the estate of Mr. Miller.

*Mr. J. W. Cox, Mr. A. E. L. Leckie,* and *Mr. J. T. Sherier* for the appellant.

*Mr. J. H. Bilbrey* and *Mr. C. W. Clagett* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Appellant has no standing in this proceeding. *Donovan* v. *Mahoney,* 45 App. D. C. 480. In the present case the property involved, according to the averments of the bill, is personal property, the title to which would not be in appellant even though the will and assignment were annulled. *Smith* v. *Wilson,* 17 Md. 460, 79 Am. Dec. 665. Moreover, for aught that appears, if the estate were administered the value of the stock might not be more than sufficient to liquidate the debts and

funeral expenses, for the bill does not allege that there were no such debts and expenses. Clearly, therefore, appellant has shown no such title to the subject-matter in dispute as to give her a standing here.

Appellant places some reliance upon *Karrick* v. *Landon,* 41 App. D. C. 416, but the difference between that case and this is very clear, for there real estate was involved, and the plaintiffs, as heirs at law, had a legal interest therein.

It follows that the decree must be affirmed, with costs.

*Affirmed.*